**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4285**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KENDALL SCHUYLER, a/k/a Sleepy,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:98-cr-00259-BEL-13)

Submitted:  December 2, 2010        Decided:  January 7, 2011

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sicilia Chinn Englert, LAWLOR & ENGLERT, LLC, Greenbelt,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Robert R. Harding, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendall Schuyler appeals the third amended judgment of conviction, claiming that the district court erred by applying the presumption of reasonableness to the Guidelines sentence. He also claims his Sixth Amendment right to a jury trial was violated when the court considered uncharged conduct in determining the Guidelines sentence and that the drug quantity was not proven beyond a reasonable doubt. We affirm.

This court reviews the district court's sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. In determining procedural reasonableness, this court first assesses whether the district court properly calculated the defendant's Guidelines range. Id. at 49, 51. The court must then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. Gall, 552 U.S. at 50-51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court also reviews whether the district court made "an individualized assessment based on the facts presented." Gall, 552 U.S. at 50;

2

see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review" (internal quotation marks omitted)).

When reviewing for substantive reasonableness, this court takes into account the "totality of the circumstances." Gall, 552 U.S. at 51. This court accords a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). At the same time, the district court "may not presume that the Guidelines range is reasonable" but "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. The presumption of reasonableness "is an appellate court presumption . . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Rita v. United States, 551 U.S. 338, 351 (2007). "Rita presumptions are forbidden in sentencing courts" because "they confer the force of law upon the Guidelines." United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). If a sentencing court applies a Rita presumption, the sentence is procedurally unreasonable. Id. at 216-17.

Procedural errors raised for the first time on appeal are reviewed for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). In order to show that there was plain error, Schuyler must show "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). This court retains discretion to correct the error and will do so only if the error "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. at 343 (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

In this instance, we conclude there was no plain error. Assuming without deciding that the district court did apply a presumption of reasonableness, we note that Schuyler received the agreed-upon sentence. Thus, his substantial rights were not affected.

We also conclude Schuyler's right to a jury trial was not violated when the district court applied the cross-reference for murder when it determined Schuyler's Guidelines sentence. A sentencing court may rely on uncharged facts in determining an appropriate sentence within the statutory range. United States v. Booker, 543 U.S. 220, 233 (2005). Also, after Booker, this court has already stated that a sentencing court continues to make those factual findings concerning sentencing factors by a

4

preponderance of the evidence  <u>United States v. Jeffers</u>, 570

F.3d 557, 570 (4th Cir.); <u>cert. denied</u>, 130 S. Ct. 645 (2009).

In addition, we conclude that Schuyler's claim that the drug quantity was not supported by a preponderance of the evidence is moot because, given the cross-reference for murder, the drug quantity has no bearing on Schuyler's Guidelines sentence.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>